*916 OPINION OF THE COURT
Philip J. Chetta, J.
Defendant’s motion, submitted May 7, 1998, seeks a dismissal of the indictment upon a claim that (1) her right to have counsel present in the Grand Jury (CPL 190.52) was violated, and (2) her right to testify in the narrative was impaired by actions of the District Attorney.
At the outset the court notes that it has reviewed the Grand Jury minutes in their entirety.
Defense counsel represents without contradiction that the New York City Department of Correction did not produce his client to testify until 4:20 p.m. on April 9, 1998 at which time he began to speak to her in the counsel room. It is undisputed that two detective investigators under the direction of the presenting Assistant District Attorney entered the room, removed the defendant without allowing her to finish the conference with her attorney, and placed her in the Grand Jury room. The only matter in contention is the amount of time claimed the attorney was with the defendant — defense claims a few minutes— the People 20 minutes.
In any event, the People attempt to justify their behavior by purported concerns relating to grand jurors’ future attendance in light of the upcoming religious observance of Easter and Passover and “concerns” relating to CPL 180.80, the provisions of which the defendant represents she was willing to waive. It would seem that the Assistant District Attorney acted in haste simply because he wanted to conclude as soon as possible.
As just indicated, defendant was brought to the Grand Jury room where she testified with her attorney being present.
The role of an attorney in the Grand Jury is limited by statute (CPL 190.52) and precludes him from taking any role in the proceeding beyond merely giving advice. (People v Davis, 119 Misc 2d 1013.) Thus, an attorney may not object or interfere with the Grand Jury proceedings, or give his client strategic advice, nor may he even advise his client in such a manner that may be overheard in the Grand Jury and have an impact on its deliberations. (People v Smays, 156 Misc 2d 621, 626-627.)
If defendant’s counsel objected to the conduct of the prosecution, particularly to the interruptions of his client’s narrative and evidentiary rulings, then the proper procedure would have been to request a recess from the foreperson in order to seek a ruling from the court supervising the Grand Jury (People v *917 Smays, supra, at 627). Instead defense assumed a more active role and attempted to engage in colloquy with the Assistant District Attorney.
Similarly, if the prosecution objected to the active role assumed by defense counsel then he should not have unilaterally excused counsel from the Grand Jury room, but instead sought a ruling from the supervising court. (People v Smays, supra, at 630.)
The District Attorney by removing defendant from the counsel room and placing her in the Grand Jury room prior to completion of her Grand Jury preparation combined with the removal of the attorney from the Grand Jury proceedings before its completion interfered with and denied defendant her right to counsel provided by CPL 190.52.
“The Criminal Procedure Law designates both the District Attorney and the court as legal advisors to the Grand Jury (see, CPL 190.25 [6]). Because Grand Jury proceedings are conducted by the prosecutor alone, this function confers upon the prosecutor broad powers and duties, as well as wide discretion in presenting the People’s case (see, People v Di Falco, 44 NY2d 482, 487). In addition to providing legal instruction to the Grand Jury, the District Attorney determines what evidence to present to that body and what evidence should be excluded (see, id., at 486-487).
“The prosecutor’s discretion during Grand Jury proceedings, however, is not absolute. As legal advisor to the Grand Jury, the prosecutor performs dual functions: that of public officer and that of advocate. The prosecutor is thus ‘charged with the duty not only to secure indictments but also to see that justice is done’ (People v Lancaster, 69 NY2d at 26, supra; see also, People v Pelchat, 62 NY2d at 105, supra). With this potent authority, moreover, comes responsibility, including ‘the prosecutor’s duty of fair dealing’ (People v Pelchat, 62 NY2d at 104, supra). As this Court has explained, ‘[t]hese duties and powers, bestowed upon the District Attorney by law, vest that official with substantial control over the Grand Jury proceedings, requiring the exercise of completely impartial judgment and discretion’ (People v Di Falco, 44 NY2d at 487, supra).” (People v Huston, 88 NY2d 400, 406.)
It is well established that a defendant who appears and testifies before the Grand Jury must be permitted to testify in the narrative. (People v Smith, 84 NY2d 998, 1000.) However this does not mean that such evidence is without limitation since the testimony must be both relevant and competent. (CPL 190.50 [5] [b].)
*918 It appears that defendant gave a narrative of the events surrounding the incident, wherein she denied that as a passenger in a vehicle driven by the codefendant, she had knowledge of the drugs secreted therein. She further advised the Grand Jury that she works in the real estate area and was with the codefendant showing him some rental apartments.
When the witness began to digress and speak about both what occurred at the station house subsequent to her arrest as well as repeated attempts to “talk about herself’, the District Attorney presenting this matter interrupted her testimony and continually admonished her to focus her testimony as to the time, place and date of her arrest.
The prosecution’s interruptions did not deprive defendant of the opportunity to make her statements since it appears that defendant was intent on providing the Grand Jury with her life story notwithstanding the District Attorney’s repeated requests that she limit her narrative to the matter before the Grand Jury. (People v Smith, supra.)
However, when the defendant failed to comply with the prosecutor’s admonitions, the Assistant District Attorney, as the prosecution concedes, excused the defendant without permitting the grand jurors the opportunity to question her. Thus the investigating functions of the Grand Jury were impaired. (See, CPL 190.05; People v Adessa, 89 NY2d 677, 682.) (Incredibly the District Attorney also represents that defendant’s statement could have been stricken in its entirety.)
In view of the District Attorney’s violation of defendant’s right to counsel accorded her by statute (CPL 190.52) and the impairment of the Grand Jury investigatory function, the integrity of the Grand Jury was impaired and the indictment must be dismissed.
Leave is granted to the People to re-present this matter to another Grand Jury.
Bail is set at $10,000 or $2,500 insurance company bail bond. (CPL 210.45 [9].)