McCarthy, J.
*1374 Defendant argues that his plea was not knowing, voluntary and intelligent because he was under the mistaken impression that the crimes he admitted committing, and which served as part of the basis for his probation violation, had been charged in Schenectady County. At the time of sentencing, defendant explained that at the time of his admission he understood, based upon what he was told by his lawyer, that he was alleged to have violated an order of protection in December 2010, but his mother learned from the court that the charges were dropped because the order of protection had expired earlier in December 2010. Although the charges of criminal contempt and criminal mischief had apparently been filed and an arrest warrant had been issued, the Schenectady City Court informed the People that defendant was never arrested on, and the court’s database had no record of, those charges.
“Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement” (People v Johnson, 77 AD3d 986, 986 [2010], lv denied 16 NY3d 743 [2011] [internal quotation marks and citations omitted]; see People v Carmona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799 [2010]; People v Singletary, 51 AD3d 1334, 1334 [2008], lv denied 11 NY3d 741 [2008]). Here, defendant raised questions as to his innocence of the major probation violations, namely violating the law and an order of protection, and that he was induced to admit to the violation of *1375 probation based upon a mistake. County Court stated that this situation had become confusing and mentioned ordering a copy of the transcript of the plea colloquy, but for some reason that did not occur. Although, at sentencing, County Court recited its recollection of its questions and defendant’s answers from the plea colloquy, that recollection was not accurate. At the colloquy, the court did not fully read each of the alleged violations and recite the date upon which each was alleged to have occurred. Instead, the court asked vague questions without specific information as to the allegations in the violation petition, such as, “Paragraph 5 alleges that you violated probation by committing the offense of criminal contempt in the first degree. Admit or deny?” Defendant admitted this and other violations during the plea colloquy, but his explanation at sentencing was that, despite paragraph 5 saying that he committed criminal contempt in November 2010, he had engaged in the alleged conduct in December 2010, after the order of protection had expired. Based on the way that the court framed the questions in the colloquy, it is possible that defendant misunderstood, and that the actions he admitted to did not constitute a violation of the law or of his probation.
Where the record raises legitimate questions as to whether the plea was knowingly, intelligently and voluntarily entered into, an evidentiary hearing is required (see People v Brown, 14 NY3d 113, 116 [2010]; People v Singletary, 51 AD3d at 1334). While County Court finally noted that defendant would be resentenced due to his technical violations even if he had never had contact with police in Schenectady, it seems unlikely that he would be sentenced to two years in prison for violations such as failing to report to his probation officer and failing to pay his fine and surcharge by a certain date.* Due to the confusion on the record, including the court’s own inaccurate recollection of the colloquy, County Court abused its discretion by denying defendant’s motion to withdraw his plea without holding a hearing (see People v Brown, 14 NY3d at 117-118).
Rose, J.P., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court’s decision.

 Although defendant had admitted the technical violations at the plea colloquy, he again answered general questions such as whether he failed to remain in the jurisdiction. At sentencing, defendant stated that he received permission to travel to New York City, creating confusion as to his guilt of these violations as well.