■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA BASS, Appellant. [986 NYS2d 709]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered April 26, 2012, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to one count of attempted criminal possession of a controlled substance in the third degree and waived her right to appeal. She thereafter moved to withdraw her plea, claiming that she lacked the mental capacity to enter a valid guilty plea. County Court denied the motion without a hearing and, in accordance with the plea agreement, sentenced her as a second felony offender to a prison term of four years to be followed by two years of postrelease supervision. Defendant appeals contending, among other things, that County Court improperly denied her motion to withdraw the plea without a hearing.

We agree. While the motion papers prepared by defense counsel were far from compelling, an evidentiary hearing is nevertheless required upon a motion to withdraw a guilty plea "[w]here the record raises legitimate questions as to whether the plea was knowingly, intelligently and voluntarily entered into" (*People v Bartlett*, 101 AD3d 1373, 1375 [2012]; *see People v Brown*, 14 NY3d 113, 116 [2010]; *People v Pittman*, 104 AD3d 1027, 1027 [2013], *lv denied* 21 NY3d 1008 [2013]). County Court was well aware that defendant was being medicated for

long-standing mental health issues, and was further on painkillers due to a recent injury. When she appeared before County Court on April 14, 2011, defendant stated that her psychological issues were "out of control" and that she could not think. She further advised County Court that the painkillers she was taking left her unable to attend to her personal needs without assistance. County Court then adjourned the case pending trial, only to have defendant reappear a short time later and plead guilty. She represented that she understood what was happening during the plea colloquy, but reiterated that her psychotropic medication was "not working" and that she was having difficulty thinking clearly. County Court then noted with concern that defendant appeared "nervous" and inquired if she was calmer than she had been earlier, to which she replied that she was "just not crying" anymore. Inasmuch as the above evidence was "sufficient to raise a genuine issue of fact" as to the knowing, intelligent and voluntary nature of defendant's guilty plea, County Court abused its discretion in denying her motion to withdraw the plea without a hearing (*People v D'Adamo*, 281 AD2d 751, 753 [2001]; *see People v De Wolf*, 155 AD2d 995, 995 [1989], *lv denied* 75 NY2d 812 [1990]; *cf. People v Copeman*, 77 AD3d 1187, 1188-1189 [2010]).

Peters, P.J., McCarthy, Garry and Devine, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.