THIRD DEPARTMENT, AUGUST, 2014

(August 7, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABNER ORTOLAZA, Appellant. [991 NYS2d 171]—Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 11, 2012, which resentenced defendant following his conviction of the crime of burglary in the third degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with burglary in the third degree. He pleaded guilty to this crime and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to 3 to 6 years in prison and ordered to pay restitution in the amount requested by the District Attorney. Thereafter, County Court sentenced defendant to the agreed-upon prison term and, among other things, ordered him to pay restitution in the amount of $976. When it was later determined

that the prison term imposed was illegal,* County Court resentenced defendant to 2 to 6 years in prison, but directed him to pay the same amount of restitution as previously ordered. Defendant now appeals.

Defendant challenges County Court's award of restitution, claiming that there is no record support for the amount that he was ordered to pay. Although defendant is not precluded by his waiver of appeal from raising this claim because the plea agreement did not specify the amount of restitution to be awarded (*see People v Boone*, 101 AD3d 1358, 1358 [2012], *lv denied* 20 NY3d 1096 [2013]; *People v Sherman*, 91 AD3d 982, 983 [2012], *lv denied* 19 NY3d 867 [2012]), it is not preserved for our review given that he did not request a restitution hearing or otherwise object to the amount of restitution awarded at sentencing (*see People v Smith*, 112 AD3d 1232, 1233 [2013], *lv denied* 22 NY3d 1203 [2014]; *People v Bressard*, 112 AD3d 988, 989 [2013], *lv denied* 22 NY3d 1137 [2014]). Under the circumstances presented, we find no reason to take corrective action in the interest of justice (*see People v Rossborough*, 100 AD3d 1149 [2012]; *People v Naumowicz*, 76 AD3d 747, 748 [2010]). Furthermore, we reject defendant's claim that he should not have been ordered to pay the mandatory surcharge or crime victim assistance fee given the absence of proof that he actually paid the restitution awarded (*see* Penal Law § 60.35 [6]; *People v Quinones*, 95 NY2d 349, 352 [2000]). Therefore, we decline to disturb the judgment of conviction.

Peters, P.J., Stein, McCarthy, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant was given an opportunity to withdraw his plea, but declined.