## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 13, 2014
105842
105968

_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JESSICA BROWN,
                    Appellant.
_____

Calendar Date:  October 8, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Derek P. Champagne, District Attorney, Malone (Glenn MacNeill of counsel), for respondent.

_____

Lahtinen, J.

        Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered December 10, 2012, convicting defendant upon her plea of guilty of the crimes of criminal possession of a criminal substance in the third degree (three counts) and criminal sale of a controlled substance in the third degree.

        In 2012, defendant was charged in two indictments with crimes related to narcotic possession and sale.  Following the denial of her application requesting judicial diversion to a substance abuse treatment program, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled

substance in the third degree in full satisfaction of both indictments. Defendant also waived her right to appeal all challenges other than constitutional issues or a violation of County Court's sentencing commitment in connection with the plea. Thereafter, in accord with the plea agreement, defendant was sentenced to an aggregate term of five years in prison to be followed by two years of postrelease supervision. County Court also directed defendant to pay restitution in the amount of $430, along with a 10% collection surcharge. Defendant appeals, and we affirm.

Defendant's valid waiver of her right to appeal precludes her claim that County Court should have granted her application for judicial diversion (see People v Smith, 112 AD3d 1232, 1232 [2013], lv denied 22 NY3d 1203 [2014]; People v Roche, 106 AD3d 1328, 1329 [2013]). Although her waiver does not preclude her challenge to the amount of restitution to be awarded, inasmuch as the plea agreement did not specify the amount or if restitution would definitely be awarded (see People v Ortolaza, 120 AD3d 843, 844 [2014]; People v Lyman, 119 AD3d 968, 970 [2014]), the issue is unpreserved because defendant did not request a hearing or otherwise challenge the award of restitution at sentencing, and corrective action in the interest of justice is unwarrranted (see People v Ortolaza, 120 AD3d at 844; People v Smith, 112 AD3d 1232, 1233 [2013], lv denied 22 NY3d 1203 [2014]).

Peters, P.J., Garry, Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court