*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 26, 2015                    105675
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

PERRY L. MILLER,
                    Appellant.
_____


Calendar Date:   February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____


        Joseph Nalli, Fort Plain, for appellant, and appellant
pro se.

        Robert M. Carney, District Attorney, Schenectady (Peter
Willis of counsel), for respondent.

_____


Lahtinen, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered January 23, 2013, convicting
defendant upon his plea of guilty of the crime of manslaughter in
the first degree.

        Defendant was charged with various crimes in connection
with the stabbing death of the female victim.  Pursuant to a plea
agreement, defendant pleaded guilty to manslaughter in the first
degree in full satisfaction of the charges and waived his right
to appeal.  Defendant thereafter moved to withdraw his plea,
contending that it was not voluntarily entered because counsel
did not fully advise him regarding a justification defense or
inform him that the crime charged required an intent to cause

serious physical injury.  County Court denied the motion without a hearing and thereafter sentenced defendant, as a second felony offender, to 20 years in prison, to be followed by five years of postrelease supervision.  Defendant was also required to pay restitution in the amount of $8,010 to cover the cost of the victim's funeral.  Defendant now appeals.

We affirm.  Initially, we reject defendant's contention that his waiver of the right to appeal was invalid.  The record reflects that County Court distinguished the right to appeal from the rights automatically forfeited upon a guilty plea and defendant stated that he understood and was relinquishing the right voluntarily.  He thereafter executed a counseled written waiver of appeal.  As such, we are satisfied that defendant validly waived the right to appeal his conviction and sentence (see People v Chavis, 117 AD3d 1193, 1193-1194 [2014]; People v Marshall, 108 AD3d 884, 884 [2013], lv denied 22 NY3d 957 [2013]).  In light of his valid appeal waiver, defendant's claim that his sentence is harsh and excessive is precluded from our review (see People v White, 119 AD3d 1286, 1287 [2014], lv denied ___ NY3d ___ [Feb. 18, 2015]; People v Fligger, 117 AD3d 1343, 1344 [2014], lv denied 23 NY3d 1061 [2014]).

Defendant's contention that his plea was not knowingly, intelligently or voluntarily entered because he was not informed of the specific amount of restitution at the time of the plea is unpreserved for our review given his failure to make a proper postallocution motion on that ground (see People v O'Neill, 116 AD3d 1240, 1241 [2014]; People v Small, 82 AD3d 1451, 1452 [2011], lv denied 17 NY3d 801 [2011]), and the narrow exception to the preservation rule is not implicated (see People v Lopez, 71 NY2d 662, 665-666 [1988]).  Moreover, his challenge to the propriety of the award of restitution is also unpreserved for our review, in light of his failure to request a restitution hearing or object to the amount awarded at sentencing (see People v Ortolaza, 120 AD3d 843, 844 [2014]; People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]).

Defendant's claim that his guilty plea was not voluntarily entered, due to counsel's failure to advise him as to the People's burden in the context of a justification defense and

that the crime charged required an intent to cause serious physical injury, survives his appeal waiver and has been preserved by his motion to withdraw his plea (see People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]; People v Wyant, 47 AD3d 1068, 1069 [2008], lv denied 10 NY3d 873 [2008]).  The record reflects that counsel did discuss a possible justification defense with defendant, and County Court confirmed that defendant understood that, by pleading guilty, he was giving up his right to make the People "meet their burden to prove charges beyond a reasonable doubt" and that he was "giving up [his] right to present any defenses that you may have with respect to this charge."  Moreover, prior to accepting the guilty plea, County Court inquired whether defendant was acting "with intent to cause serious physical injury to another person" when he stabbed the victim and defendant answered in the affirmative. Accordingly, defendant has not demonstrated that he was prejudiced by the alleged errors (see People v Mercer, 105 AD3d 1091, 1093-1094 [2013], lv denied 21 NY3d 1017 [2013]; People v Kreydatus, 305 AD2d 935, 936 [2003], lv denied 100 NY2d 595 [2003]).  Defendant's remaining contentions have been examined and found to be lacking in merit.

        Peters, P.J., Garry and Lynch, JJ., concur.


        ORDERED that the judgment is affirmed.




                        ENTER:



                        Robert D. Mayberger
                        Clerk of the Court