■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIAH PICKETT, Also Known as TRIFE, Also Known as IKE, Appellant. [9 NYS3d 737]—

Lynch, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 19, 2012, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of 13 charges contained in an indictment stemming from his sale of cocaine on multiple occasions, defendant

entered a guilty plea to criminal sale of a controlled substance in the third degree. Defendant was sentenced in accordance with the plea agreement to a prison term of five years, with three years of postrelease supervision, and ordered to pay restitution. He now appeals.

We affirm.* Defendant's claims that his guilty plea was not voluntary, that the plea allocution was not factually sufficient, and that he was not afforded the effective assistance of counsel were not preserved for our review, as he did not raise them in an appropriate postallocution motion and he made no statements during the plea colloquy that would bring this matter within the narrow exception to the preservation requirement (*see* CPL 220.60 [3]; *People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Skidds*, 123 AD3d 1342, 1342-1343 [2014], *lv denied* 25 NY3d 992 [Apr. 20, 2015]). In any event, these claims lack merit. It was not necessary for defendant to personally recite the elements of the crime or engage in a factual recitation, and his "unequivocal affirmative responses to County Court's questions were sufficient to establish the elements of the crime charged" (*People v Smith*, 112 AD3d 1232, 1233 [2013], *lv denied* 22 NY3d 1203 [2014] [internal quotation marks and citations omitted]; *see People v Seeber*, 4 NY3d 780, 781 [2005]). Further, the record reflects that defendant was advised of the rights he was relinquishing by pleading guilty and the related consequences, he understood them and had adequate time to confer with counsel, and he entered the guilty plea voluntarily.

Moreover, defendant's ineffective assistance of counsel claims predominantly concern what counsel advised him or other matters outside the record on appeal which are more properly pursued in a motion pursuant to CPL article 440, where a record could be made (*see People v Jerome*, 98 AD3d 1188, 1189 [2012], *lv denied* 20 NY3d 987 [2012]). Given, among other considerations, the advantageous plea agreement negotiated by counsel that greatly reduced defendant's sentencing exposure and defendant's acknowledged satisfaction, during the plea allocution, of counsel's representation, we find that the record fails to support defendant's claim that he was deprived of meaningful representation (*see People v Mitchell*,

---

* Defendant's codefendant, Gary Watkins, was subsequently convicted after trial of multiple counts of both criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, including three controlled buys where defendant and Watkins acted in concert, and this Court affirmed Watkins' judgment of conviction (*People v Watkins*, 121 AD3d 1425 [2014], *lv denied* 24 NY3d 1124 [2015]).

73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010]; *People v Corbett*, 52 AD3d 1023, 1024 [2008]). Finally, in view of defendant's criminal history and drug-selling activity, we are not persuaded that extraordinary circumstances are present or that there was an abuse of sentencing discretion so as to warrant a reduction of the favorable, bargained-for sentence in the interest of justice (*see People v White*, 47 AD3d 1062, 1064 [2008], *lv denied* 10 NY3d 818 [2008]). Inasmuch as the plea agreement included restitution in the amount ordered and defendant did not request a hearing or otherwise challenge the amount at sentencing, his challenge to the amount of restitution ordered is unpreserved for our review and we find that corrective action is not warranted in the interest of justice (*see People v Brown*, 122 AD3d 1006, 1007 [2014]).

Lahtinen, J.P., Garry and Clark, JJ., concur. Ordered that the judgment is affirmed.