Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  August 18, 2016                    107017
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

            v                                 MEMORANDUM AND ORDER

BRIAN CLARK,
                          Appellant.
_____

Calendar Date:   April 29, 2016

Before:   McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        Adam G. Parisi, Schenectady, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered July 16, 2014, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the fifth degree.

        In October 2013, defendant was charged in a four-count
indictment with the crimes of criminal possession of a controlled
substance in the fifth degree (two counts) and criminal sale of a
controlled substance in the fourth degree (two counts).  He
thereafter pleaded guilty, pursuant to a plea agreement, to
criminal possession of a controlled substance in the fifth degree

in full satisfaction of the indictment and executed a written waiver of his right to appeal in open court. Consistent with the terms of the plea agreement, County Court sentenced defendant to five years of probation, imposed 100 hours of community service and ordered him to pay restitution. Defendant now appeals.

Defendant maintains that he was deprived of meaningful representation concerning his plea because defense counsel misinformed him that he could still appeal a claim of juror bias. This issue came to light at sentencing. When asked by County Court if he wished to be heard, defendant responded, "I guess the only thing I wanted to say is that I wanted to make sure — I know you can't appeal this, but I wanted to appeal the things that — [defense counsel] said I can go to the [a]ppellate [c]ourt, because the member of the grand jury was a friend of mine for six years, a neighbor." Defense counsel directly responded that "[h]e certainly can appeal it" and added, "I've explained it to him probably 20 times" — leaving little question that "it" refers to the juror bias claim. Defendant countered, "No, today was the first time you ever explained that to me." County Court left the issue unresolved, simply responding that "if you feel you have an appealable issue that the Appellate Division can hear you certainly have the right to appeal."

While defendant couches his claim in terms of an invalid appeal waiver, we find that defendant's claim actually presents a threshold question of forfeiture, i.e., whether a claim of potential juror bias in the grand jury survives a plea. Notably, defendant made no such specific claim in his preplea motion to dismiss the indictment, contending only generally that the proceedings were impaired by irregularities (see CPL 210.35 [5]; compare People v Washington, 82 AD3d 1675, 1676 [2011], lv denied 19 NY3d 1106 [2012]). County Court denied the motion, finding no infirmities in the grand jury minutes that would warrant a dismissal. Since we do not perceive the claim to be jurisdictional or to implicate "rights of a constitutional dimension that go to the very heart of the process" (People v

Hansen, 95 NY2d 227, 230-231 [2000]), we conclude that a claim of juror bias would actually be forfeited upon a guilty plea (see People v Hansen, 95 NY2d at 231).

Inasmuch as defendant's misunderstanding as to his ability to appeal the juror bias issue was brought to County Court's attention at sentencing, we find that defendant's challenge to the voluntariness of his plea has been sufficiently preserved for our review (see generally CPL 470.05 [2]; compare People v Garay, 25 NY3d 62, 67 [2015], cert denied ___ US ___, 136 S Ct 501 [2015]; People v Green, 54 NY2d 878, 880 [1981]), notwithstanding the absence of an appropriate postallocution motion.  Once County Court learned that defendant had been given erroneous advice by counsel, the court should have conducted a further inquiry to ascertain whether defendant wished to go forward with the plea (cf. People v Bendross, 153 AD2d 75, 76-77 [1989]).  Absent such inquiry by County Court, and in light of the fact that the record otherwise presents "a genuine issue of fact as to the knowing, intelligent and voluntary nature of defendant's guilty plea" (People v Bass, 118 AD3d 1033, 1034 [2014] [internal quotation marks and citation omitted], lv denied 24 NY3d 959 [2014]; compare People v Santiago, 121 AD3d 528, 528 [2014], lvs denied 24 NY3d 1117, 1123 [2015]), this matter must be remitted to County Court to afford defendant an opportunity to either accept the plea that was offered or move to withdraw his plea (cf. People v Denegar, 130 AD3d 1140, 1141-1142 [2015]).  By so concluding, we are not resolving the question as to whether defendant was deprived of meaningful representation — only referring that question to County Court for resolution in the first instance.

Egan Jr., Rose and Aarons, JJ., concur.

McCarthy, J.P. (dissenting).

Because the record does not support the conclusion that defendant preserved the issue or that he was provided ineffective assistance of counsel, I respectfully dissent. The majority concludes that, based on statements that defendant and his counsel made at a sentencing hearing, counsel conceded to having advised defendant that he would be able to raise a grand jury issue on appeal, despite defendant having pleaded guilty and having waived his right to appeal. The majority finds that County Court ought to have interpreted the statements in the same manner that the majority now does and concluded that counsel was describing erroneous legal advice – despite no one arguing that it was erroneous legal advice or seeking any legal relief whatsoever from the court – and that therefore defendant preserved the contention that his plea was involuntary based upon ineffective assistance of counsel. Further, and rather than answering the purely legal question of whether defendant's contentions even amounted to a prima facie ineffective assistance of counsel claim, the majority determines that it ought to remit and "refer[]" the issue to County Court for further inquiry. Contrary to these conclusions, defendant's contention is not preserved, and, even assuming that he received erroneous legal advice, he failed to make out a prima facie claim that he was deprived of meaningful representation. Accordingly, the judgment should be affirmed.

Initially, "[w]hile defendant's waiver of his right to appeal does not bar his ineffective assistance of counsel claim insofar as it relates to the voluntariness of his plea, his failure to move to withdraw his plea or vacate the judgment of conviction renders such claim unpreserved for our review" (People v Dobrouch, 59 AD3d 781, 781 [2009] [citations omitted], lv denied 12 NY3d 853 [2009]; see People v Lord, 128 AD3d 1277, 1278 [2015]; People v Royce, 122 AD3d 1008, 1009 [2014]; People v

Ildefonso, 89 AD3d 1327, 1327 [2011]).[1]  Moreover, defendant made
no statements during the plea colloquy that would bring this
contention within the narrow exception to the preservation
requirement (see People v Pickett, 128 AD3d 1275, 1276 [2015],
lvs denied 26 NY3d 930, 933 [2015]).

    Even if I assumed, for the sake of argument, that the
majority correctly interprets the record in concluding that
defense counsel indicated that she advised defendant that he
could raise his grand jury claim on appeal,[2] defendant would

_____

    [1]  According to the majority's logic, the fact that an
alleged error occurs before a trial court "br[ings] to County
Court's attention" the error, thereby preserving it.  That logic
is directly contrary to the legal requirement that a litigant
such as defendant "expressly or impliedly s[eek] or request[] a
particular ruling or instruction" in order to preserve an issue
(CPL 470.05 [2]).  One cannot conclude that defendant, in making
a statement about his desire to appeal that did not even
reference his guilty plea, impliedly sought to withdraw or vacate
his guilty plea based on ineffective assistance of counsel.
Further, it is unreasonable to expect that County Court should
have concluded that defendant was attempting to make out an
ineffective assistance of counsel claim based on the colloquy
that occurred at sentencing, particularly in light of defendant's
previous assurance, at the time of the plea, that he was
satisfied with the services of counsel.

    [2]  At no point in the colloquy did counsel state that she
advised defendant that his grand jury issue could be reviewed by
an appellate court; in the midst of a larger discussion, she
stated that "[defendant] certainly can appeal it."  It is
ambiguous what "it" refers to in this context, since it could
either mean the judgment — describing correct legal advice — or
defendant's particular grand jury issue — describing incorrect
legal advice.  The majority's decision to resolve this ambiguity
in favor of the conclusion that counsel gave erroneous legal

still have failed as a matter of law to establish any resulting prejudice.  With regard to a guilty plea, in order to establish an ineffective assistance of counsel claim pursuant to the federal constitution, a defendant must prove, among other things, "that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US 52, 59 [1985]; accord People v McDonald, 1 NY3d 109, 114 [2003]).  Here, defendant failed to make even a prima facie showing of prejudice given that he made no assertion that, but for his belief that he could seek appellate review of the grand jury issue, he would not have pleaded guilty.[3]  Accordingly, defendant failed to make out a prima facie federal constitutional claim of ineffective assistance of counsel (see People v McDonald, 1 NY3d at 115; compare People v Williams, 72 AD3d 1347, 1348 [2010]).

Finally, defendant also failed to make a prima facie claim that he was, despite the absence of prejudice, deprived of meaningful representation pursuant to the NY Constitution.  "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been

_____

advice is difficult to reconcile with our obligation to employ a presumption of competence on the part of an attorney in the context of an ineffective assistance of counsel claim (see Strickland v Washington, 466 US 668, 689 [1984]; People v Rivera, 71 NY2d 705, 709 [1988]; People v Torres, 13 AD3d 562, 563 [2004]; People v Vecchio, 228 AD2d 820, 821 [1996]).

[3]  The burden of proving ineffective assistance of counsel is on a defendant and not on a trial court.  There is no basis in law for the majority's conclusion that County Court, in the midst of conducting a sentencing hearing, was required to conduct a "further inquiry to ascertain whether defendant wished to go forward with the plea."

met" (People v Baldi, 54 NY2d 137, 147 [1981] [citations omitted]; accord People v Rivera, 71 NY2d 705, 708 [1988]). Even if defendant's grand jury contention could survive his guilty plea and his appeal waiver, it would be unpreserved for our review – a fact that the majority concedes – given his failure to raise this specific claim in his motion to dismiss the indictment (see People v Miller, 27 AD3d 1017, 1018 [2006]; People v Stabb, 9 AD3d 738, 739 [2004], lv denied 3 NY3d 712 [2004]). Further, defendant does not contend that defense counsel ought to have raised the issue in the motion to dismiss the indictment; this may be for good reason, as a review of the grand jury minutes establishes that there is no factual basis for defendant's assertion that a friend and neighbor served on the grand jury. Thus, the single, nonprejudicial error that the majority finds warrants remittal was counsel's legal advice regarding the merits of an unpreserved issue that counsel may have already investigated and determined had no factual basis.

Moreover, meaningful representation inquiries must consider the representation as a whole. After defendant was charged with two class C felonies and two class D felonies (see Penal Law §§ 220.06, 220.34), his counsel secured a plea bargain to one class D felony, which automatically reduced defendant's maximum exposure from any single count from a prison term of 5½ years to a prison term of 2½ years (compare Penal Law § 70.70 [2] [a] [ii], with Penal Law § 70.70 [2] [a] [iii]). In addition, terms of the plea agreement capped defendant's potential incarceration to a six-month jail term. Further, after defense counsel's advocacy in regard to sentencing, and despite the fact that defendant had previous misdemeanor convictions for petit larceny, criminal trespass, criminal contempt and criminal sale of marihuana, County Court imposed a sentence that included no incarceration. Considering the representation as a whole, and particularly noting the fact that defendant was not prejudiced by any alleged error and otherwise received an extremely favorable outcome, defendant failed to make a prima facie showing that he was deprived of meaningful representation (People v Briggs, 138

AD3d 1355, 1356 [2016]; <u>People v Pickett</u>, 128 AD3d at 1276; <u>People v Wares</u>, 124 AD3d 1079, 1081 [2015], <u>lv denied</u> 25 NY3d 993 [2015]; <u>People v Carlton</u>, 120 AD3d 1443, 1444-1445 [2014], <u>lv denied</u> 25 NY3d 1070 [2015]).  Given that defendant's remaining arguments are also without merit, I would affirm.


        ORDERED that the order is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.




                ENTER:


                Robert D. Mayberger
                Clerk of the Court