Lynch, J.
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered July 16, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In October 2013, defendant was charged in a four-count indictment with the crimes of criminal possession of a controlled substance in the fifth degree (two counts) and criminal sale of a controlled substance in the fourth degree (two counts). He thereafter pleaded guilty, pursuant to a plea agreement, to criminal possession of a controlled substance in the fifth degree in full satisfaction of the indictment and executed a written waiver of his right to appeal in open court. Consistent with the terms of the plea agreement, County Court sentenced defendant to five years of probation, imposed 100 hours of community *724 service and ordered him to pay restitution. Defendant now appeals.
Defendant maintains that he was deprived of meaningful representation concerning his plea because defense counsel misinformed him that he could still appeal a claim of juror bias. This issue came to light at sentencing. When asked by County Court if he wished to be heard, defendant responded, “I guess the only thing I wanted to say is that I wanted to make sure — I know you can’t appeal this, but I wanted to appeal the things that — [defense counsel] said I can go to the [a]ppellate [c]ourt, because the member of the grand jury was a friend of mine for six years, a neighbor.” Defense counsel directly responded that “[h]e certainly can appeal it” and added, “I’ve explained it to him probably 20 times” — leaving little question that “it” refers to the juror bias claim. Defendant countered, “No, today was the first time you ever explained that to me.” County Court left the issue unresolved, simply responding that “if you feel you have an appealable issue that the Appellate Division can hear you certainly have the right to appeal.”
While defendant couches his claim in terms of an invalid appeal waiver, we find that defendant’s claim actually presents a threshold question of forfeiture, i.e., whether a claim of potential juror bias in the grand jury survives a plea. Notably, defendant made no such specific claim in his preplea motion to dismiss the indictment, contending only generally that the proceedings were impaired by irregularities (see CPL 210.35 [5]; compare People v Washington, 82 AD3d 1675, 1676 [2011], lv denied 19 NY3d 1106 [2012]). County Court denied the motion, finding no infirmities in the grand jury minutes that would warrant a dismissal. Since we do not perceive the claim to be jurisdictional or to implicate “rights of a constitutional dimension that go to the very heart of the process” (People v Hansen, 95 NY2d 227, 230-231 [2000]), we conclude that a claim of juror bias would actually be forfeited upon a guilty plea (see People v Hansen, 95 NY2d at 231).
Inasmuch as defendant’s misunderstanding as to his ability to appeal the juror bias issue was brought to County Court’s attention at sentencing, we find that defendant’s challenge to the voluntariness of his plea has been sufficiently preserved for our review (see generally CPL 470.05 [2]; compare People v Garay, 25 NY3d 62, 67 [2015], cert denied 577 US —, 136 S Ct 501 [2015]; People v Green, 54 NY2d 878, 880 [1981]), notwithstanding the absence of an appropriate postallocution motion. Once County Court learned that defendant had been given erroneous advice by counsel, the court should have conducted a *725 further inquiry to ascertain whether defendant wished to go forward with the plea (cf. People v Bendross, 153 AD2d 75, 76-77 [1989]). Absent such inquiry by County Court, and in light of the fact that the record otherwise presents “a genuine issue of fact as to the knowing, intelligent and voluntary nature of defendant’s guilty plea” (People v Bass, 118 AD3d 1033, 1034 [2014] [internal quotation marks and citation omitted], lv denied 24 NY3d 959 [2014]; compare People v Santiago, 121 AD3d 528, 528 [2014], lv denied 24 NY3d 1123 [2015]), this matter must be remitted to County Court to afford defendant an opportunity to either accept the plea that was offered or move to withdraw his plea (cf. People v Denegar, 130 AD3d 1140, 1141-1142 [2015]). By so concluding, we are not resolving the question as to whether defendant was deprived of meaningful representation — only referring that question to County Court for resolution in the first instance.
Egan Jr., Rose and Aarons, JJ., concur.