Clark, J.
 

 Appeal from a judgment of the County Court of Ulster County (McGinty, J.), rendered April 15, 2015, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.
 

 In February 2013, defendant was charged in an indictment with assault in the second degree and criminal possession of a weapon in the third degree. Following plea negotiations, several appearances and a suppression hearing, defendant’s trial commenced in February 2015. After jury selection and opening statements, defendant indicated his desire to withdraw his previously entered not guilty pleas, and defendant thereupon pleaded guilty to assault in the second degree and criminal possession of a weapon in the third degree. County Court ultimately sentenced him to an aggregate prison term of five years, to be followed by five years of postrelease supervision. Defendant now appeals.
 

 We affirm. Defendant contends that his plea was not knowing, intelligent and voluntary because County Court failed to advise him adequately of the trial-related rights that he was forfeiting by pleading guilty. This claim, however, is unpre-served for our review, as there is no indication in the record that he made an appropriate postallocution motion, despite having ample opportunity to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Golgoski, 145 AD3d 1195, 1195 [2016], lv denied 28 NY3d 1184 [2017]). The absence of a postallocution motion also renders defendant’s claim of ineffective assistance of counsel, to the extent that it impacts the voluntariness of his plea, unpreserved (see People v Cox, 146 AD3d 1154, 1155 [2017]; People v Franklin, 146 AD3d 1082, 1084 [2017], lv denied 29 NY3d 948 [2017]; People v Perkins, 140 AD3d 1401, 1402-1403 [2016], lv denied 28 NY3d 1126 [2016]). Moreover, the narrow exception to the preservation requirement is inapplicable, inasmuch as the record does not reflect that defendant made any statements during the plea proceeding that cast doubt upon his guilt or called into question the voluntariness of his guilty plea (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Clark, 153 AD3d 1093, 1095 [2017], lv denied 30 NY3d 979 [2017]). Nor does the record reflect that defendant brought to County Court’s attention any deficiency in counsel’s representation that would support his contention that, absent a postallocution motion, he sufficiently preserved his challenge to the voluntariness of his plea for our review (see People v Clark, 142 AD3d 723, 724-725 [2016], lv denied 28 NY3d 1026 [2016]; see generally CPL 470.05 [2]).
 

 We also reject defendant’s claim that the alleged delay leading up to the February 2015 commencement of his trial deprived him of his constitutional right to a speedy trial (see CPL 1.20 [17]; 30.20). While this claim survives defendant’s guilty plea, it is unpreserved for our review, as he failed to raise such challenge before County Court or in a pretrial motion (see People v Lawrence, 64 NY2d 200, 203-204 [1984]; People v Gerald, 153 AD3d 1029, 1030 [2017]; see also CPL 170.30 [1] [e]; [2]). Were this issue properly before us, we would find it to be without merit given the lack of any apparent prejudice to defendant or significant delay caused by the People, and the fact that defendant was not incarcerated until after his plea allocution (see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Bennett, 143 AD3d 1008, 1010 [2016]; People v Pope, 96 AD3d 1231, 1233-1234 [2012], lv denied 20 NY3d 1064 [2013]).
 

 Finally, contrary to defendant’s contention, we do not find that the imposed sentence is harsh or excessive. Defendant pleaded guilty to the crimes at issue with full knowledge that there was no promise regarding sentencing. In addition, given his extensive criminal history, the violent nature of his crime and the young age of the victim, we discern no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see CPL 470.15 [3] [c]; People v Gunn, 144 AD3d 1193, 1196 [2016], lv denied 28 NY3d 1145 [2017]; People v Kuhlmann, 130 AD3d 1086, 1087 [2015], lv denied 26 NY3d 1089 [2015]).
 

 Peters, P.J., Garry, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.