People v Tucker (2018 NY Slip Op 03872)





People v Tucker


2018 NY Slip Op 03872


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

107756

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DUMEL TUCKER, Appellant.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

Craig S. Leeds, Albany, for appellant, and appellant
pro se.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 30, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant was charged in an indictment with multiple crimes arising from an incident in which he entered a restaurant, displayed a firearm and forcibly stole property from employees who were bound with duct tape. He pleaded guilty to robbery in the first degree in satisfaction of the indictment and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced to eight years
in prison and five years of postrelease supervision, to run consecutively to a sentence that he was serving on a prior robbery conviction. Defendant appeals.
Initially, we find defendant's appeal waiver to be valid. Notably, the record discloses that County Court explained the separate and distinct nature of the waiver and ascertained that defendant understood its consequences. Moreover, during the plea proceedings, defendant read and signed the written appeal waiver after conferring with counsel and reconfirmed his understanding to County Court. Thus, the record establishes that the waiver was knowing, voluntary and intelligent, thereby precluding defendant's challenge to the severity of the sentence (see People v Taylor, 144 AD3d 1317, 1318 [2016], lv denied 28 NY3d 1151 [2017]; People v Clapper, 133 AD3d 1037, 1038 [2015], lv denied 27 NY3d 995 [2016]).
Defendant further contends that his guilty plea was not knowing, voluntary and intelligent because it was factually insufficient and was accepted by County Court without further inquiry, despite defendant's alleged protestations of innocence. Although this claim survives defendant's appeal waiver, it has not been preserved for our review due to defendant's conceded failure to make an appropriate postallocution motion (see People v Evans, 156 AD3d 1246, 1247 [2017]; People v Bethea, 133 AD3d 1033, 1034 [2015], lv denied 27 NY3d 992 [2016]). Likewise, defendant's assertion that he was deprived of the effective assistance of counsel, to the extent that it impacts the voluntariness of his plea, is unpreserved for the same reason (see People v Evans, 156 AD3d at 1247; People v Bethea, 133 AD3d at 1034). We find that the narrow exception to the preservation rule is inapplicable here as, contrary to defendant's claim, the record does not disclose that he asserted his innocence or otherwise made statements that cast doubt upon his guilt (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Evans, 156 AD3d at 1247). Furthermore, insofar as defendant argues in his pro se supplemental brief that his counsel was ineffective by advising him to plead guilty without accurately assessing the evidence or explaining the proof needed to secure a conviction, this claim concerns matters outside the record and is more properly considered in the context of a CPL article 440 motion (see People v Clapper, 133 AD3d at 1038; People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 930, 933 [2015]).
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.