People v Haverly (2018 NY Slip Op 03875)





People v Haverly


2018 NY Slip Op 03875


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

107993

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TIMOTHY HAVERLY, Appellant.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Craig S. Leeds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 24, 2015, convicting defendant upon his plea of guilty of the crimes of attempted disseminating indecent material to minors in the first degree and possessing a sexual performance by a child.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with attempted disseminating indecent material to minors in the first degree (count 1) and possessing a sexual performance by a child (count 2). As part of the plea agreement, defendant, who was facing additional charges in another state, was required to waive his right to appeal. In exchange for his guilty plea, defendant would be sentenced to a prison term of
four years followed by 10 years of postrelease supervision under count 1 of the SCI and a prison term of 1 to 3 years under count 2 of the SCI — said terms to run concurrently; additionally, defendant would not be prosecuted on the out-of-state charges. Following defendant's guilty plea, County Court imposed the agreed-upon terms of imprisonment. Defendant appeals.
We affirm. Defendant's challenge to the factual sufficiency of his plea is precluded by his valid and unchallenged waiver of the right to appeal (see People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]; People v Smith, 155 AD3d 1244, 1245 [2017]) and, further, is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Rodriguez, 154 AD3d 1013, 1014 [2017]; People v Dejesus, [*2]146 AD3d 1077, 1078 [2017]). To the extent that defendant's brief may be read as contesting the voluntariness of the plea itself, as well as defendant's ineffective assistance of counsel claim (to the degree that it impacts upon the voluntariness of his plea), such claims — although they survive a valid appeal waiver — are similarly unpreserved for our review (see People v Sumter, 157 AD3d 1125, 1125-1126 [2018]; People v Evans, 156 AD3d 1246, 1246-1247 [2017]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered here, as he did not make any statements during the plea colloquy that either negated an essential element of the crime or otherwise called into question his guilt (see People v Evans, 156 AD3d at 1247). Finally, defendant's challenge to the agreed-upon sentence imposed is precluded by his waiver of appeal (see People v Brothers, 155 AD3d 1257, 1258 [2017]).
Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.