People v Milligan (2018 NY Slip Op 06831)





People v Milligan


2018 NY Slip Op 06831


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

108906

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WILLIAM M. MILLIGAN II, Appellant.

Calendar Date: September 5, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered September 1, 2016, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fourth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fourth degree. He pleaded guilty to these crimes and waived his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender and concurrent sentences were imposed consisting of two years in prison followed by five years of postrelease supervision on his conviction of attempted criminal possession of a weapon in the third degree, and two years in prison followed by 1½ years of postrelease supervision on his conviction of criminal possession of a controlled substance in the fourth degree. He now appeals.
Initially, although not precluded by his waiver of the right to appeal, defendant's challenge to the voluntariness of his guilty plea has not been preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Evans, 156 AD3d 1246, 1246-1247 [2017]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt (see People v Evans, 156 AD3d at 1247; People v Tetreault, 152 AD3d 1081, 1082 [2017], lv denied 30 NY3d 984 [2017]). The absence of a postallocution motion also renders unpreserved defendant's claim of ineffective assistance of counsel insofar it impacts the voluntariness of his guilty plea (see People v Dolberry, 147 AD3d at 1150; People v Taylor, 144 AD3d 1317, 1318 [2016], lvs denied 28 NY3d 1144, 1151 [2017]). To the extent that defendant [*2]complains that his counsel did not make appropriate motions or conduct necessary discovery, these claims are foreclosed by his guilty plea (see People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]; People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]).
McCarthy, J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.