People v Hunter (2019 NY Slip Op 06539)





People v Hunter


2019 NY Slip Op 06539


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

107974 108650

[*1]The People of the State of New York, Respondent,
v
Tracy Hunter, Also Known as Slim, Appellant.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Jeffrey L. Zimring, Albany, for appellant, and appellant pro se.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Devine, J.
Appeals (1) from a judgment of the Supreme Court (Milano, J.), rendered June 25, 2015 in Schenectady County, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of the County Court of Schenectady County (Sypniewski, J.), entered July 11, 2016, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, without a hearing.
In satisfaction of a seven-count indictment, defendant pleaded guilty to assault in the second degree and waived his right to appeal. Defendant submitted a motion to withdraw his guilty plea — drafted pro se and adopted by defense counsel — arguing that he had received ineffective assistance of counsel. Supreme Court denied the motion. Thereafter, Supreme Court sentenced defendant, a second felony offender, to the agreed-upon prison term of three years to be followed by five years of postrelease supervision. The plea agreement also contemplated an award of restitution for the victim's uncovered medical expenses and, as calculated at sentencing, that award amounted to nearly $65,000. Defendant subsequently moved to vacate the judgment of conviction and set aside his sentence, which County Court denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
Initially, inasmuch as the felony complaint was superseded by an indictment, defendant's jurisdictional challenge to the former is academic (see People v Layou, 159 AD3d 1413, 1413 [2018], lv denied 31 NY3d 1084 [2018]; People v Chianese, 41 AD3d 1168, 1169 [2007], lv denied 9 NY3d 1032 [2008]). Defendant's guilty plea and/or his unchallenged appeal waiver foreclose many of the remaining arguments on his direct appeal, including those involving the sufficiency of the evidence before the grand jury (see People v Greene, 171 AD3d 1407, 1408 [2019]; People v Wilburn, 158 AD3d 894, 894-895 [2018], lv denied 31 NY3d 1123 [2018]) and the partial denial of his suppression motion (see People v Feurtado, 172 AD3d 1620, 1621 [2019]; People v Danielson, 170 AD3d 1430, 1431 [2019], lv denied 33 NY3d 1030 [2019]). His constitutional challenges to Penal Law § 70.45, to the extent that they are not indirect attacks upon the severity of his sentence that are precluded by his appeal waiver (see People v Bailey, 157 AD3d 1133, 1134 [2018], lv denied 31 NY3d 981 [2018]; People v La Mountain, 249 AD2d 584, 587 [1998], lvs denied 92 NY2d 855 [1998]), are unpreserved and do not warrant corrective action in the interest of justice (see People v Graham, 93 NY2d 934, 935 [1999]; People v Corker, 67 AD3d 926, 926-927 [2009], lv denied 14 NY3d 886 [2010]).
Defendant also takes issue with the restitution award in various respects. He first contends that his guilty plea was not knowingly, voluntarily and intelligently entered because he was not aware when he pleaded guilty that restitution could exceed $15,000. Although this argument survives his appeal waiver, defendant failed to preserve the issue in his postallocution motions, and the narrow exception to the preservation requirement does not apply (see People v Miller, 126 AD3d 1233, 1234 [2015], lv denied 25 NY3d 1168 [2015]; People v Small, 82 AD3d 1451, 1452 [2011], lv denied 17 NY3d 801 [2011]). Defendant's challenge to the amount of the restitution award similarly survives his appeal waiver (see People v Ortiz, 148 AD3d 1291, 1292 [2017]; People v Gardner, 129 AD3d 1386, 1388 [2015]), but is unpreserved given his failure to request a restitution hearing and his ultimate agreement to the amount awarded to the victim at sentencing (see People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]; People v Perry, 168 AD3d 1287, 1288 [2019]; People v Miller, 126 AD3d at 1234).
Turning to the appeal from the order denying the CPL article 440 motion, we reject defendant's contention that County Court erred in denying the motion without a hearing. "To demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief" (People v Jones, 161 AD3d 1311, 1313 [2018] [internal quotation marks, brackets and citations omitted], lv denied 31 NY3d 1118 [2018]; see People v Satterfield, 66 NY2d 796, 799 [1985]).
With regard to defendant's claims of ineffective assistance involving both record and nonrecord facts, he testified before the grand jury in the presence of his first attorney, who advised defendant beforehand not to do so and accurately warned him of the "rather limited" assistance to which he would be entitled if he did, and defendant does not allege that counsel provided ineffective assistance by refusing requests for advice or providing bad advice during the ensuing examination (People v Sutton, 43 AD3d 133, 136 [2007], lv denied 9 NY3d 1010 [2007]; see CPL 190.52 [2]; People v English, 119 AD3d 706, 706 [2014], lv denied 24 NY3d 1043 [2014]; People v Salvador, 176 Misc 2d 915, 916 [Sup Ct, Queens County 1998]). With respect to his second attorney's failure to seek a Dunaway hearing, the attorney obtained suppression of almost all of defendant's statements to police on other grounds, and defendant did not demonstrate the absence of strategic or other legitimate explanations for the alleged shortcoming (see People v Stahl, 141 AD3d 962, 966 [2016], lv denied 28 NY3d 1127 [2016], cert denied US , 138 S Ct 222 [2017]). As to his argument regarding his second attorney's alleged conflict of interest, defendant offers nothing to show how "the conduct of his defense was in fact affected by" it (People v Alicea, 61 NY2d 23, 31 [1983]; see People v Pabon, 157 AD3d 1057, 1058 [2018], lv denied 31 NY3d 986 [2018]). Lastly, inasmuch as restitution for a victim's medical expenses may exceed the $15,000 cap set by Penal Law § 60.27 (5) (a), defendant's third attorney was not ineffective in failing to raise a meritless objection to the legality of the restitution award (see Penal Law § 60.27 [5] [b]; People v Caban, 5 NY3d 143, 152 [2005]). Defendant's remaining arguments involve matters in the record and, as a result, were not properly raised in a CPL article 440 motion (see CPL 440.10 [2] [b]; People v Lamb, 162 AD3d 1395, 1397 [2018], lv denied 32 NY3d 1112 [2018]). In view of the foregoing, we conclude that County Court did not err in denying defendant's CPL article 440 motion without a hearing.
Defendant's remaining contentions have been considered and lack merit.
Egan Jr., J.P., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.