■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE EVANS, Appellant. [916 NYS2d 302]—

Kavanagh, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered February 16, 2010, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

Defendant pleaded guilty to attempted assault in the first degree in full satisfaction of a six-count indictment and other pending charges. At sentencing, defendant made an oral motion to withdraw his plea. County Court denied the motion and sentenced defendant in accordance with the plea agreement to a prison term of four years, to be followed by five years of post-release supervision. Defendant now appeals.

We reject defendant's contention that he was denied the effective assistance of counsel due to counsel's alleged failure to make a discovery motion regarding the victim's prior medical records and the failure to investigate a potential defense. Initially, we note that defendant failed to file a CPL article 440 motion, upon which the issues could have been more properly developed (*see People v Smith*, 305 AD2d 853, 854 [2003], *lv denied* 100 NY2d 624 [2003]). Further, counsel's failure to make certain pretrial motions does not necessarily constitute ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Jackson*, 67 AD3d 1067, 1068 [2009], *lv denied* 14 NY3d 801 [2010]), and defendant has failed to "demonstrate the 'absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d at 709; *accord People v Stevenson*, 58 AD3d 948, 950 [2009], *lv denied* 12 NY3d 860 [2009]). The transcripts of defendant's multiple appearances before he entered his plea reveal counsel's competent representation protecting defendant's interests. Moreover, counsel was successful in obtaining a highly favorable plea offer, allowing defendant to satisfy at least three indictments containing 12 separate charges. Finding nothing in the record that casts doubt upon counsel's effectiveness, we are convinced that defendant was provided with meaningful representation (*see People v Chaney*, 72 AD3d 1194, 1195 [2010]; *People v Singletary*, 51 AD3d 1334, 1335 [2008], *lv denied* 11 NY3d 741 [2008]).

Defendant also contends that his sentence is harsh and excessive. In light of the fact that he received the bargained-for sentence, and considering the serious nature of the present offense where defendant admitted to cutting his girlfriend's neck with a knife, we perceive no abuse of discretion or extraordinary

circumstances that would warrant the modification of his sentence in the interest of justice (*see People v Landy*, 67 AD3d 1205, 1205-1206 [2009]).

Peters, J.P., Spain, Rose and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.