■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES A. GOOD, Appellant. [920 NYS2d 464]—

Spain, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 18, 2009, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

In November 2006, defendant was charged with sexual abuse in the first degree and third degree and endangering the welfare of a child based upon allegations that he subjected a 15-year-old girl to forcible sexual contact. On defendant's previous appeal, we reversed the judgment of conviction entered upon his plea to sexual abuse in the first degree due to a violation of his right to counsel (People v Good, 62 AD3d 1041 [2009]). The plea was vacated and, upon remittal, defendant again pleaded guilty to that top count of the indictment and purportedly signed a written waiver of appeal. Sentenced to the agreed-upon prison term

of three years, followed by five years of postrelease supervision, defendant now appeals, and we affirm.

Initially, we agree that defendant, who counsel reported is illiterate, did not effectively waive his right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Callahan*, 80 NY2d 273, 280 [1992]). The record contains a totally deficient "WAIVER OF APPEAL" document bearing what appears to be defendant's signature. Moreover, the plea colloquy does not reflect that County Court made up for the shortcomings of the document by explaining to defendant the nature of his right to appeal, or that defendant discussed giving up his right to appeal with counsel or otherwise understood its meaning or consequences, and the cursory document contains no such acknowledgments or information (*see People v Mosher*, 45 AD3d 970, 970 [2007], *lv denied* 10 NY3d 814 [2008]; *cf. People v McCaskill*, 76 AD3d 751, 752 [2010]).

We next conclude that defendant's challenge to the voluntary, knowing and intelligent nature of his guilty plea was not preserved for our review as he did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Cerone*, 75 AD3d 835, 835-836 [2010], *lv denied* 15 NY3d 850 [2010]). Contrary to defendant's claims, he did not make statements that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea so as to trigger the exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). That defendant was conflicted and felt pressured to plead guilty—i.e., to accept or reject the plea bargain—amounts to nothing more than "situational coercion" (*People v Seaberg*, 74 NY2d 1, 8 [1989] [internal quotation marks omitted]; *accord People v Buskey*, 62 AD3d 1164, 1165 [2009]) which did not render his plea involuntary. After his initial hesitancy, the court refused to accept his plea until he unequivocally expressed a desire to enter a guilty plea and admitted that he was guilty of the charged conduct (*see People v Bridge*, 71 AD3d 1197, 1198 [2010]). In any event, the record fully supports the conclusion that defendant's guilty plea was knowing, voluntary and intelligent, as defendant was advised of his rights and the consequences of his plea, denied being coerced and admitted having had an adequate opportunity to confer with counsel.

We reject defendant's assertion that he should have been afforded an opportunity to withdraw this guilty plea because of certain post-plea motions and statements he claims to have made. The record contains no such motions or statements, oral or written. Defendant himself confirmed at sentencing his wish

to proceed upon his guilty plea and did not make any statements at sentencing casting doubt on the voluntariness of his plea or his guilt; thus, there is no basis for the claim that County Court should have sua sponte offered him the opportunity to withdraw his plea or any other option (*see People v Wagoner*, 30 AD3d 629, 630 [2006]). Defendant's statement that he was not with the victim on a particular day in October 2006 was irrelevant because that date was not the date of the crimes charged in the indictment, and the court had no duty of further inquiry (*see People v Vallance*, 49 AD3d 917, 917 [2008], *lv denied* 10 NY3d 845 [2008]).

Finally, given that defendant received an advantageous plea deal and nothing in the record casts doubt on trial counsel's effectiveness, we find that he received meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Lee*, 51 AD3d 1217, 1217-1218 [2008]). The record reveals that defendant never indicated a desire to withdraw his plea nor did he request that counsel so move, and we discern nothing to suggest that counsel should have done so. Defendant's claims that counsel failed to investigate his case and was not prepared to go to trial are outside the record and more properly the subject of a CPL article 440 motion (*see People v Sterling*, 57 AD3d 1110, 1113 [2008], *lv denied* 12 NY3d 788 [2009]). Additionally, the record does not support the allegations, raised for the first time on appeal, that County Court was biased against him and should have recused itself from the case, or that counsel was ineffective for failing to request this relief (*see People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]). Additionally, the court's discretionary denial of defendant's pre-plea request to be released on his own recognizance, without bail, was not indicative of bias and the claim that recusal was required is unfounded (*see* CPL 510.30, 530.10, 530.20 [2]; *People v Maxam*, 301 AD2d 791, 793 [2003], *lv denied* 99 NY2d 617 [2003]).

A review of defendant's other appellate arguments discloses that none is meritorious.

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.