■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELLE NORTON, Appellant. [930 NYS2d 499]—

Rose, J.

Defendant was charged in an indictment with the crimes of burglary in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, menacing in the second degree, unlawful imprisonment in the second degree, coercion in the second degree and endangering the welfare of a child. County Court subsequently reduced the burglary charge to burglary in the second degree and reduced the criminal use of a firearm charge to criminal use of a firearm in the second degree. Defendant thereafter pleaded guilty as charged and was sentenced to prison terms of five years with four years of postrelease supervision on the burglary and criminal use of a firearm convictions and 2 to 6 years for the criminal possession of a weapon conviction. She was also sentenced to one year in jail on each of the menacing, unlawful imprisonment, coercion and endangering the welfare of a child convictions, with all sentences to run concurrently. Defendant now appeals and we affirm.

Defendant's contention that her plea was not voluntarily entered is not preserved for our review in light of her failure to move to withdraw her plea or vacate the judgment of conviction (*see People v Good*, 83 AD3d 1124, 1125 [2011]; *People v Miller*, 82 AD3d 1278, 1279 [2011], *lv denied* 16 NY3d 861 [2011]).* Nor did defendant make any statements during the plea allocution that negated an essential element of the crimes or otherwise cast doubt on her guilt in order to trigger the narrow exception to the preservation rule (*see People v Jean-Francois*, 82 AD3d 1366, 1367 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Hill*, 81 AD3d 1040 [2011]). Further, defendant's challenge to the factual elements of the burglary charge was forfeited by her guilty plea (*see People v Taylor*, 65 NY2d 1, 5 [1985]; *People v Negron*, 280 AD2d 780, 781 [2001], *lv denied* 96 NY2d 832 [2001]). Finally, regarding defendant's claim that her sentence

---

* To the extent that defendant argues on appeal that County Court erred in denying her motion to withdraw her plea, our review of the record reveals that no motion to withdraw the plea was made by defendant, nor did the court rule on such a motion. Further, defendant did not make any statements indicating to the court that she should be given the opportunity to withdraw her plea (*see People v Good*, 83 AD3d at 1125-1126).

was harsh and excessive, the record reveals no abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence (*see People v Stubbs*, 75 AD3d 664, 665 [2010]).

Spain, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

