■ The People of the State of New York, Respondent, v Raeven C. Burnett, Also Known as Ravo, Appellant. [939 NYS2d 773]—

Malone Jr., J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 11, 2010, convicting defendant upon her plea of guilty of the crime of robbery in the first degree.

Defendant pleaded guilty to robbery in the first degree in full satisfaction of a two-count indictment in return for a sentence of no more than 10 years in prison. Thereafter, County Court sentenced defendant to eight years in prison, to be followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contentions that her plea was not voluntarily, knowingly and intelligently entered and that she was denied the effective assistance of counsel are not preserved for our review in light of her failure to move to withdraw her plea or vacate the judgment of conviction (*see People v Aubrey*, 73 AD3d 1393, 1394 [2010], *lv denied* 16 NY3d 893 [2011]; *People v Gomez*, 72 AD3d 1337, 1338 [2010]). Moreover, with regard to the plea, the narrow exception to the preservation rule is inapplicable here, inasmuch as defendant did not make any statements during the plea allocution that negated a material element of the crime or otherwise raised any doubt as to her guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Wicks*, 83 AD3d 1223, 1224-

1225 [2011], *lv denied* 17 NY3d 810 [2011]). In any event, the record reveals a knowing, voluntary and intelligent plea. Notably, although defendant argues that she unknowingly waived the right to raise the defense of duress and that counsel did not adequately explain the ramifications of the plea, the record reflects that defendant informed County Court that she did not wish to withdraw her plea as a result of these allegations.

To the extent that defendant argues that County Court should have granted her request to appoint new counsel—made just prior to sentencing—we find no error inasmuch as she failed to demonstrate "good cause" for a substitution of counsel (*People v Linares*, 2 NY3d 507, 510 [2004]; *see People v Cherry*, 12 AD3d 949, 950 [2004], *lv denied* 4 NY3d 797 [2005]). Finally, we find unpersuasive defendant's claim that her sentence, which was less than the maximum permitted under the plea agreement, was harsh and excessive. Having reviewed the record, and in light of the seriousness of the crime to which defendant pleaded guilty, we discern neither an abuse of discretion by County Court nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Evans*, 81 AD3d 1040, 1041-1042 [2011], *lv denied* 16 NY3d 894 [2011]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.