Garry, J.
Appeal from a judgment of the County Court of Ulster County (Williams Jr., J), rendered July 25, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a firearm in the third degree.
Defendant pleaded guilty to criminal sale of a firearm in the third degree in exchange for an agreed-upon sentence of S1^ years in prison, to be followed by three years of postrelease supervision. At sentencing, defendant moved to withdraw his guilty plea. County Court denied the motion and imposed the agreed-upon sentence. Defendant appeals.
We affirm. Defendant’s contention that he was denied the effective assistance of counsel is unpersuasive. “In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995] [citations omitted]; accord People v Singletary, 51 AD3d 1334, 1335 [2008], lv denied 11 NY3d 741 [2008]). Here, defendant’s claimed deficiencies are belied by the plea colloquy, wherein defendant affirmed that he had been provided sufficient time to consult with counsel and that he understood the ramifications of the plea. As defendant benefitted from a favorable plea agreement and there is nothing in the record supporting his claim of ineffective assistance, we find that he received meaningful representation (see People v Fink, 97 AD3d 974, 976 [2012]; People v White, 85 AD3d 1493, 1494 [2011]). As to defendant’s claim that his sentence is harsh and excessive, we discern neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Doe, 95 AD3d 1449, 1449 [2012], lv denied 19 NY3d 995 [2012]; People v Norton, 88 AD3d 1027, 1028-1029 [2011]).
Mercure, J.P., Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.