■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN J. FELICIANO, Appellant. [969 NYS2d 221]—

Rose, J.P. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 14, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In full satisfaction of a four-count indictment and other pending charges, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree. Pursuant to the terms of the plea agreement, defendant was sentenced, as a

---

second felony drug offender with a prior violent felony conviction,[1] to eight years in prison followed by three years of post-release supervision, along with $100 in restitution.

Although defendant argues on appeal that County Court coerced him into pleading guilty by, among other things, making a misstatement concerning his sentence exposure and mentioning its need to "move cases quickly," the absence of proof in the record before us that he moved to withdraw his guilty plea or vacate the judgment of conviction renders these issues unpreserved for appellate review (*see People v Seuffert*, 104 AD3d 1021, 1021 [2013]; *People v Good*, 83 AD3d 1124, 1125 [2011], *lv denied* 17 NY3d 816 [2011]). Moreover, defendant did not make any statements in the course of the plea allocution that "called into question the voluntariness of his plea so as to trigger the exception to the preservation requirement" (*People v Good*, 83 AD3d at 1125; *see People v Lopez*, 71 NY2d 662, 666 [1988]).

Defendant also asserts that he did not receive meaningful representation because, among other things, his counsel failed to object to County Court's misstatement concerning his sentencing status. He also alleges that counsel failed to obtain or review laboratory reports confirming that the cocaine he admitted selling was, in fact, a controlled substance. Nonetheless, even assuming, arguendo, that these "ineffective assistance of counsel claim[s] impact[ ] upon the voluntariness of [defendant's] plea . . . , this issue is—absent record evidence of an appropriate postallocution motion—unpreserved for our review" (*People v Lazore*, 102 AD3d 1017, 1017-1018 [2013]; *see People v Walton*, 101 AD3d 1489, 1490 [2012], *lv denied* 20 NY3d 1105 [2013]; *People v Newman*, 99 AD3d 1107, 1108 [2012]). Were we to reach the issue, we would conclude that defendant received meaningful representation (*see People v Bean*, 102 AD3d 1062, 1063 [2013]).

---

**1.** Although the record discloses that, at sentencing, County Court mistakenly referred to defendant as a second violent felony offender, this passing error does not require that an otherwise legal sentence be vacated (*see generally People v Leszczynski*, 96 AD3d 1162, 1163 n 2 [2012], *lv denied* 19 NY3d 998 [2012]). Significantly, the record confirms that this was a mere misstatement and defendant's plea and sentence properly reflected his status as a second felony drug offender with a prior violent felony conviction (*see* Penal Law § 70.70 [4] [b] [i]). Nevertheless, inasmuch as the amended uniform sentence and commitment sheet incorrectly contains a notation indicating that defendant was sentenced as a second violent felony offender—instead of as a second felony drug offender with a prior violent felony conviction—"it must be amended accordingly" (*People v Vasavada*, 93 AD3d 893, 894 [2012], *lv denied* 19 NY3d 978 [2012]; *see People v Anderson*, 99 AD3d 1034, 1035 [2012], *lv denied* 20 NY3d 1009 [2013]).

Turning to defendant's various contentions alleging violations of CPL 400.21, we note that defendant's failure to raise before County Court his current argument that the predicate felony statement was facially insufficient renders this claim unpreserved for our review (*see People v Kelly*, 65 AD3d 886, 889 [2009], *lv denied* 13 NY3d 860 [2009]; *see also People v Walton*, 101 AD3d at 1490; *People v Evans* 88 AD3d 1029, 1030 [2011], *lv denied* 18 NY3d 858 [2011]). In any event, any errors with respect to the content of the predicate statement were harmless given that all the appropriate information was set forth on the record (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]). Nor did defendant object to the People's error in describing to the court the Penal Law section applicable to his predicate violent felony conviction. There is no dispute that, in 2001, defendant was convicted of criminal possession of a weapon in the third degree pursuant to Penal Law former § 265.02 (4), a class D violent felony.[2] However, in 2006, the Legislature repealed and "transferred that crime" to a different statute, namely, criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3) (William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 265.00 at 413; *see* L 2006, ch 742, § 1). Even though the People erroneously presented the Penal Law § 265.03 (3) citation to the court, the correct information was available in defendant's rap sheet and there was no objection registered. Given these circumstances, including defendant's unequivocal admissions regarding his prior violent felony conviction, we cannot conclude that resentencing is required (*see People v Bouyea*, 64 NY2d at 1142).

Finally, we have reviewed defendant's claim that his negotiated sentence is harsh and excessive and, considering his criminal history, find no extraordinary circumstances or an abuse of discretion (*see People v Bean*, 102 AD3d at 1063; *People v Williams*, 101 AD3d 1174, 1174 [2012]).

Stein, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

2. There was also no objection made to the People's error in describing this prior violent felony conviction as "criminal possession of a loaded firearm in the third degree."