*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 24, 2014                    104404B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

RAYMOND R. WASLEY,
                        Appellant.
_____

Calendar Date:   June 5, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Linda B. Johnson, West Sand Lake, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Joann Rose
Parry of counsel), for respondent.

_____

Rose, J.

        Appeal from the judgment of the County Court of Broome
County (Smith, J.), rendered May 14, 2010, convicting defendant
upon his plea of guilty of the crime of attempted criminal sexual
act in the first degree.

        Pursuant to a plea agreement and in satisfaction of a
three-count indictment, defendant entered a guilty plea to the
second count, as reduced, admitting that he was guilty of
attempted criminal sexual act in the first degree.  The charges
stemmed from his attempt, at knife point, to engage in sexual
conduct with an adult male by forcible compulsion.  He was
sentenced, as an admitted second felony offender, to the agreed-
upon prison term of 10 years, with 10 years of postrelease
supervision.  Defendant now appeals.

We affirm.  Given that the record does not reflect that defendant moved to withdraw his guilty plea, his challenges to the voluntariness and factual sufficiency of the plea and the effectiveness of his counsel are not preserved for appellate review (see People v Watson, 115 AD3d 1016, 1017 [2014]; People v White, 104 AD3d 1056, 1056 [2013], lvs denied 21 NY3d 1018, 1021 [2013]).  Contrary to defendant's claims, the narrow exception to the preservation requirement was not triggered during the plea colloquy here, as defendant did not make any statements during the allocution that called into doubt the voluntariness of his plea or that were inconsistent with his guilt (see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Bressard, 112 AD3d 988, 989 [2013], lv denied 22 NY3d 1137 [2014]).  The fact that, during a prior proceeding, defendant had been hesitant or unwilling to fully allocute to the charged conduct did not undermine his subsequent unqualified allocution to the reduced charge (see People v Good, 83 AD3d 1124, 1125 [2011], lv denied 17 NY3d 816 [2011]).

In any event, the record reveals that the plea colloquy, while brief, adequately established that defendant understood and voluntarily agreed to the plea terms that he had discussed at length with counsel, and that he admitted that he had engaged in the specific charged conduct (see People v Brown, 14 NY3d 113, 116 [2010]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]).  Further, the record does not support defendant's contention that he was confused or unable to comprehend the proceedings.  Likewise, defendant received an advantageous plea, and nothing in the record supports his assertion that defense counsel provided ineffective assistance during the plea proceedings, or failed to protect his rights (see People v Leszczynski, 96 AD3d 1162, 1162 [2012], lv denied 19 NY3d 998 [2012]; People v Good, 83 AD3d at 1126).  To the extent that these claims concern matters outside the record on appeal, they are more appropriately addressed in a CPL article 440 motion (see People v Lohnes, 112 AD3d 1148, 1150 [2013]).  Finally, considering defendant's significant criminal history, the leniency reflected in the plea deal (see Penal Law §§ 70.06 [6] [a], [b]; 110.00; 130.50 [1]) and County Court's consideration of defendant's mental health evaluation, we do not find extraordinary circumstances or an abuse of discretion so as to warrant a reduction of the negotiated sentence in the interest

of justice (<u>see</u> <u>People v Feliciano</u>, 108 AD3d 880, 882 [2013], <u>lv</u>
<u>denied</u> 22 NY3d 1040 [2013]).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court