■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN WILLIAMS, Appellant. [997 NYS2d 542]—

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered December 16, 2011, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree, robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), assault in the second degree and strangulation in the second degree.

As the result of his involvement in the assault and robbery of a night clerk at a banquet hall, defendant was charged in an indictment with burglary in the first degree, two counts of robbery in the second degree, two counts of grand larceny in the fourth degree, assault in the second degree and strangulation in the second degree. He pleaded guilty to all of the charges. Under the terms of the plea agreement, he was to be sentenced to an aggregate term of between 5 and 10 years in prison, with postrelease supervision to be imposed on all determinate sentences, and he was to pay restitution. In accordance therewith, defendant was sentenced to an aggregate term of 7½ years in prison, to be followed by three years of postrelease supervision, and was ordered to pay restitution in the amount of $2,952.62. He now appeals.

Defendant challenges the voluntariness of his guilty plea as well as the propriety of County Court's award of restitution. However, these claims are unpreserved. The record does not reveal that defendant moved to withdraw his guilty plea as involuntary and, therefore, he has failed to preserve his challenge to it on this basis (see People v Wasley, 119 AD3d 1216, 1216 [2014], lv denied 24 NY3d 1048 [Nov. 25, 2014]; see also People v O'Neill, 116 AD3d 1240, 1241 [2014]). We find that the narrow exception to the preservation rule is inapplicable here given that defendant did not make any statements casting doubt upon his guilt or negating a material element of the crime (see People

---

*v Chavis,* 117 AD3d 1193, 1194 [2014]; *People v Pearson,* 110 AD3d 1116, 1116 [2013]). Likewise, defendant has failed to preserve his challenge to the restitution amount, as he did not request a restitution hearing or object to the amount of restitution awarded at sentencing (*see People v Lyman,* 119 AD3d 968, 970 [2014]; *People v Naumowicz,* 76 AD3d 747, 748 [2010]). Accordingly, the judgment must be affirmed.

Peters, P.J., Stein, Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed.