■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH R.W. CHAIRES, Appellant. [53 NYS3d 722]—

Mulvey, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered May 28, 2014, convicting defendant upon his plea of guilty of the crime of rape in the first degree.

Defendant waived indictment and pleaded guilty to rape in the first degree as charged in a superior court information. The plea agreement included that defendant waive the right to appeal from his conviction and sentence. Prior to sentencing, defendant moved to withdraw his plea, based upon a claim of innocence. County Court denied the motion without a hearing and sentenced defendant to 10 years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we agree with defendant that he did not validly waive the right to appeal. Although County Court explained the right to appeal, we are unable to ascertain that

defendant understood that he was required to waive the right as part of the plea and County Court did not inquire as to whether defendant had discussed the waiver with counsel. Although defendant also signed a written waiver, the waiver does not explain that the right to appeal is separate and distinct from the rights automatically forfeited by a guilty plea and there was no discussion with defendant or his attorney regarding whether defendant understood the written waiver. Accordingly, we conclude that defendant's waiver of the right to appeal was not knowing, intelligent and voluntary (*see People v Pope*, 129 AD3d 1389, 1389-1390 [2015]; *People v Williford*, 124 AD3d 1076, 1077 [2015], *lv denied* 25 NY3d 1209 [2015]).

We reject, however, defendant's contention that he should have been allowed to withdraw his guilty plea. "Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Mitchell*, 73 AD3d 1346, 1347 [2010] [internal quotation marks and citations omitted], *lv denied* 15 NY3d 922 [2010]; *accord People v Martin*, 136 AD3d 1110, 1111 [2016]). A review of the plea colloquy reveals that County Court informed defendant of the ramifications of the plea, including the rights he would be relinquishing. Defendant confirmed his understanding of the plea agreement, that he had discussed the plea with counsel and that he was pleading guilty freely and voluntarily. Defendant thereafter admitted to engaging in conduct that constituted the crime at issue and these sworn admissions contradict his subsequent unsupported claims of innocence made in regard to the motion to withdraw the plea (*see People v Cadet*, 144 AD3d 1335, 1336 [2016], *lv denied* 28 NY3d 1143 [2017]; *People v Crispell*, 136 AD3d 1121, 1122 [2016], *lv denied* 27 NY3d 1149 [2016]).

Defendant's claim that his plea was involuntary because he was denied the effective assistance of counsel is unpreserved for our review, in light of his failure to move to withdraw his plea on this ground (*see People v Simpson*, 146 AD3d 1175, 1176 [2017]; *People v Toledo*, 144 AD3d 1332, 1333 [2016]). In any event, the record reflects that counsel's representation was meaningful, inasmuch as counsel negotiated an advantageous plea deal that greatly reduced defendant's sentencing exposure and defendant acknowledged that he was satisfied with counsel's services and that he had been provided ample time to discuss the plea with him (*see People v Sylvan*, 108 AD3d 869, 870 [2013], *lv denied* 22 NY3d 1091 [2014]). Defendant's contention that counsel was ineffective for not filing a written

motion to withdraw his plea is based on matters outside the record, and is therefore more properly the subject of a CPL article 440 motion (*see People v Hernandez*, 140 AD3d 1521, 1523 [2016], *lv denied* 28 NY3d 971 [2016]).

As to counsel's lack of participation in defendant's pro se motion to withdraw his plea, it is well settled that assigned counsel has no duty to participate in such a motion (*see People v Pimentel*, 108 AD3d 861, 862 [2013], *lv denied* 21 NY3d 1076 [2013]; *People v Trombley*, 91 AD3d 1197, 1202 [2012], *lv denied* 21 NY3d 914 [2013]), and we discern no deprivation of the effective assistance of counsel under the circumstances presented here. To the extent that certain remarks made by defendant prior to sentencing can be construed as a request for new counsel, no conflict of interest is apparent on the record and, under the circumstances presented, County Court was not obligated to assign substitute counsel before deciding defendant's motion to withdraw his plea (*see People v Tyler*, 130 AD3d 1383, 1385 [2015]; *People v Pimentel*, 108 AD3d at 862-863). Finally, having reviewed the record and, in light of the seriousness of the crime, we discern neither an abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Burnett*, 93 AD3d 993, 994 [2012]; *People v Evans*, 81 AD3d 1040, 1041-1042 [2011], *lv denied* 16 NY3d 894 [2011]).

Peters, P.J., Garry, Devine and Aarons, JJ., concur. Ordered that the judgment is affirmed.