Egan Jr., J.
 

 Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 18, 2014, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
 

 Defendant waived indictment and pleaded guilty to two superior court informations, charging him with attempted burglary in the second degree, aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated, and the plea agreement included the waiver of the right to appeal. County Court thereafter sentenced him to the agreed-upon aggregate prison term of six years, to be followed by three years of postrelease supervision. Defendant appeals.
 

 We affirm. To the extent that defendant contends that he waived his right to appeal without realizing the ramifications thereof, we disagree. County Court distinguished the right to appeal from those rights automatically forfeited by pleading guilty, and defendant affirmed his understanding thereof and agreed to waive the right to appeal. Additionally, defendant executed a written appeal waiver in open court after discussing the waiver with counsel. In our view, defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Mahon, 148 AD3d 1303, 1303 [2017]; People v Samuel, 143 AD3d 1012, 1012 [2016]). Given the valid waiver of the right to appeal, defendant’s contention that his sentence is harsh and excessive is precluded (see People v Caldwell, 148 AD3d 1468, 1468 [2017]; People v Rhodes, 143 AD3d 1011, 1012 [2016]).
 

 Although defendant’s claim that his plea was involuntary due to the ineffective assistance of counsel survives his appeal waiver, it is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]; People v Cox, 146 AD3d 1154, 1155 [2017]). We note that the majority of the issues raised—including counsel’s failure to investigate potential defenses and trial strategy—involve matters outside of the record and are more properly the subject of a CPL article 440 motion (see People v Griffin, 134 AD3d 1228, 1230 [2015], lv denied 27 NY3d 1132 [2016]).
 

 Garry, J.P., Devine, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.