People v Sweat (2018 NY Slip Op 00199)





People v Sweat


2018 NY Slip Op 00199


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

108515

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAVID SWEAT, Appellant.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Matthew C. Hug, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jamie A. Douthat of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered February 3, 2016, convicting defendant upon his plea of guilty of the crimes of escape in the first degree (two counts) and promoting prison contraband in the first degree.
Defendant pleaded guilty to a three-count indictment charging him with two counts of escape in the first degree and one count of promoting prison contraband in the first degree. The charges stemmed from defendant and another inmate successfully escaping from a state correctional facility. Thereafter, defendant moved to withdraw his plea, asserting that he was unaware at the time of his plea of his full constitutional rights, that he did not have sufficient time to speak with
counsel and that he had a defense to the escape charges. After making certain inquiries, County Court denied the motion without a hearing and sentenced defendant, as a second felony offender, to an aggregate prison term of 7 to 14 years, to run consecutively to the prison term he was currently serving. Defendant appeals.
We are unpersuaded by defendant's contention that County Court abused its discretion in denying his motion to withdraw his plea without a hearing. "The nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea rest within the discretion of the trial court, and only in the rare instance will a defendant be entitled to an evidentiary hearing" (People v Riddick, 136 AD3d 1124, 1124 [2016] [internal quotation marks, brackets and citations omitted], lv denied 27 NY3d 1154 [2016]; see People v Fiumefreddo, 82 [*2]NY2d 536, 544 [1993]). "An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]).
Here, the record establishes that defendant was aware of the nature of the plea agreement, including the constitutional rights that he was forfeiting as a result of the plea agreement, and that he had an opportunity to discuss the consequences of the plea with his counsel. As the record demonstrates that defendant entered a knowing, voluntary and intelligent plea, and he has made no showing of innocence, fraud or mistake in the inducement, we find that County Court did not abuse its discretion in denying his motion to withdraw his plea without a hearing (see People v Chaires, 150 AD3d 1326, 1327 [2017], lv denied 29 NY3d 1124 [2017]; People v Taylor, 135 AD3d 1237, 1237-1238 [2016], lv denied 27 NY3d 1075 [2016]).
To the extent that defendant challenges his sentence as harsh and excessive, we note that the issue is academic inasmuch as the sentence is to run consecutively to the sentence he is currently serving, which is life without parole. In any event, in imposing the maximum sentence, County Court considered the serious nature of the offense, the trauma and fear instilled in the community during the weeks it took to apprehend defendant and the considerable resources and expense involved in his recapture. Under these circumstances, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Launder, 132 AD3d 1151, 1154-1155 [2015], lv denied 27 NY3d 1153 [2016]).
McCarthy, J.P., Lynch, Devine and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.