People v Muller (2018 NY Slip Op 01965)





People v Muller


2018 NY Slip Op 01965


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

108451

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ERNEST MULLER, Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Theresa M. Suozzi, Saratoga Springs, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Egan Jr., J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered March 7, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In April 2015, defendant pleaded guilty — in full satisfaction of a multicount indictment procured by the Attorney General — to one count of criminal sale of a controlled substance in the third degree and was released on bail pending sentencing. While at liberty, defendant sold cocaine to another individual and, in August 2015, was indicted by an Albany County grand jury with criminal sale of a controlled substance in the third degree. Plea negotiations ensued and, in November 2015, defendant, who by
then was facing additional charges, agreed to plead guilty to the August 2015 indictment in exchange for a prison term of five years — to be served consecutively to the sentence to be imposed upon his earlier drug conviction — followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant thereafter pleaded guilty to one count of criminal sale of a controlled substance in the third degree and received the promised sentence [FN1]. This appeal ensued.
We affirm. Defendant's challenge to the voluntariness and/or factual sufficiency of his plea is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Leflore, 154 AD3d 1164, 1165 [2017], lv denied ___ NY3d ___ [Jan. 11, 2018]; People v Woods, 147 AD3d 1156, 1156-1157 [2017], lv denied 29 NY3d 1089 [2017]; People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]), as is his claim of coercion (see People v Lobaton, 140 AD3d 1534, 1535 [2016], lv denied 28 NY3d 972 [2016]; People v Hudson, 130 AD3d 1320, 1320 [2015]). Defendant's ineffective assistance of counsel claim — insofar as it implicates the voluntariness of his plea — is similarly unpreserved for our review (see People v Franklin, 146 AD3d 1082, 1084 [2017], lvs denied 29 NY3d 946, 948 [2017]; People v Guyette, 121 AD3d 1430, 1431-1432 [2014], lv denied 27 NY3d 998 [2016]). Contrary to defendant's assertion, he "did not make any statements during the course of the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea" (People v White, 156 AD3d 1249, 1250 [2017]); hence, the narrow exception to the preservation requirement was not triggered here (see People v Jones, 155 AD3d 1103, 1106 [2017], lv denied ___ NY3d ___ [Jan. 24, 2018]). To the extent that defendant argues that he was denied meaningful representation because counsel failed to adequately investigate potential defenses, pursue alternative sentencing avenues or sufficiently explain defendant's various legal options, these claims implicate matters outside of the record and, therefore, are more properly the subject of a CPL article 440 motion (see People v Pringle, 155 AD3d 1085, 1086 [2017]; People v Lewis, 143 AD3d 1183, 1185 [2016]; People v Ramey, 123 AD3d 1290, 1291 [2014], lv denied 25 NY3d 953 [2015]). Finally, defendant's various challenges to the sentence imposed have been examined and found to be lacking in merit.
Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In the context of his plea to the indictment handed up by the Attorney General, defendant also was sentenced to five years in prison — resulting in an aggregate prison term of 10 years.