People v Evans (2018 NY Slip Op 01962)





People v Evans


2018 NY Slip Op 01962


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

107968

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT EVANS, Appellant.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Salvatore Adamo, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Gloria J. Sprague, Law Intern), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered September 9, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant waived indictment and pleaded guilty to criminal possession of a controlled substance in the fifth degree as charged in a superior court information, pursuant to a plea agreement that included a waiver of appeal. He was thereafter sentenced, consistent with the agreement, to a jail term of six months and ordered to pay restitution. Defendant now appeals.
We affirm. Initially, as the People concede, defendant did
not validly waive his right to appeal. While a waiver of appeal was recited by the People as a term of the plea agreement, County Court failed to engage in any related colloquy with defendant or explain the meaning of the right to appeal or appeal waiver, and did not ascertain that he had discussed it with counsel (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Joseph PP., 153 AD3d 970, 971 [2017]; People v Buck, 136 AD3d 1117, 1118 [2016]). There was no written appeal waiver, and no further mention of it until after the sentence was imposed, when the court made a fleeting, belated reference to the waiver (see People v Leach, 26 NY3d 1154, 1156-1157 [2016]). Accordingly, we find that defendant did not validly waive his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d at 256).
Defendant's challenge to his guilty plea as involuntary, like his claim that he received ineffective assistance of counsel, was not preserved by a postallocution motion to withdraw his plea, despite an opportunity to do so (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-222 [2016]; People v Evans, 156 AD3d 1246, 1247 [2017]; People v Chaires, 150 AD3d 1326, 1327 [2017], lv denied 29 NY3d 1124 [2017]). Further, the record does not reflect that defendant made any statements that triggered the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Beverly, 140 AD3d 1400, 1401 [2016], lvs denied 28 NY3d 927, 933 [2016]) or brought to the court's attention any claimed deficiencies in counsel's representation (see People v Evans, 156 AD3d at 1247). In any event, his contention that he was not adequately advised of the rights that were forfeited by the guilty plea is belied by the record, which reflects that County Court informed him of the plea terms and consequences and the rights that he was forgoing, including the right to a jury trial and to confront witnesses (see People v Sougou, 26 NY3d 1052, 1054 [2015]). Thus, were we to address this claim, we would find that defendant's plea was "a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks and citation omitted]). Further, defendant's challenge to the agreed-upon jail sentence as harsh and excessive is moot, given that he served that sentence during the pendency of this appeal (see People v Jones, 139 AD3d 1237, 1238 [2016], lv denied 28 NY3d 932 [2016]; People v Cancer, 132 AD3d 1019, 1020 [2015]).
To the extent that defendant's claims, including those directed at counsel's failure to file a motion to withdraw his guilty plea, are premised upon matters outside of the record on appeal, they are more properly considered in a CPL article 440 motion (see People v Pringle, 155 AD3d 1085, 1086 [2017]; People v Chaires, 150 AD3d at 1327-1328).
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.