People v Jackson (2018 NY Slip Op 02215)





People v Jackson


2018 NY Slip Op 02215


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108160

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROGERS JACKSON, Appellant.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Adam G. Parisi, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered December 4, 2015, convicting defendant upon his plea of guilty of the crime of arson in the second degree.
Police responded to a report of a domestic dispute and found defendant barricaded, with his long-term girlfriend and her one-year-old daughter, inside a bedroom in his apartment, which he had set on fire. Police forced their way into the apartment, rescued the victims and arrested defendant. Defendant was later charged in a 12-count indictment with two counts of attempted murder in the second degree and other crimes stemming from this incident. In satisfaction of all charges, defendant pleaded
guilty to arson in the second degree as charged in count 3 of the indictment pursuant to a plea agreement that included an oral and signed written waiver of appeal. Consistent with the terms of that agreement, County Court sentenced defendant, as an admitted second felony offender, to a prison term of 13 years to be followed by five years of postrelease supervision and issued orders of protection. Defendant appeals.
We affirm. While defendant's challenge to the voluntariness of his plea survives his valid, unchallenged waiver of appeal, this issue is nonetheless unpreserved for our review absent evidence of an appropriate postallocution motion to withdraw his guilty plea on this ground, despite an opportunity to do so prior to the imposition of sentence (see CPL 220.60 [3]; People v Williams, 27 NY3d 212, 219-220 [2016]; People v Hansen, 95 NY2d 227, 231 n 2 [2000]). [*2]Moreover, the narrow exception to the preservation requirement was not implicated, as defendant did not make any statements during his plea allocution or at sentencing that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Peterson, 147 AD3d 1148, 1149 [2017]; People v Good, 83 AD3d 1124, 1125-1126 [2011], lv denied 17 NY3d 816 [2011]; cf. People v Gresham, 151 AD3d 1175, 1177-1178 [2017]; People v Laflower, 145 AD3d 1341, 1342-1343 [2016]). Defendant's assertions during his presentencing interview with the Probation Department that he did not recall the incident contradicted his sworn plea allocution, and his claim that he had been informed that he was suffering from "drug-induced psychosis" are not supported by any medical evidence or documentation in the record [FN1]. Under these circumstances, County Court was not obligated to inquire into defendant's competency or to sua sponte offer him an opportunity to withdraw his guilty plea (see CPL 730.30 [1]; People v Hopper, 153 AD3d 1045, 1047 [2017], lv denied 30 NY3d 1061 [2017]; People v Duffy, 126 AD3d 1142, 1142 [2015]). As defendant raised no objections to proceeding at sentencing, there was no duty of further inquiry (see People v Good, 83 AD3d at 1125-1126; cf. People v Gresham, 151 AD3d at 1177-1178).
To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea, it also survives his appeal waiver but is likewise unpreserved for our review (see People v Peterson, 147 AD3d at 1149). Were we to address this claim, we would find that defendant received meaningful representation, as counsel negotiated an advantageous plea deal that greatly reduced his sentencing exposure and nothing in the record casts doubt on trial counsel's effectiveness (see People v Chaires, 150 AD3d 1326, 1327 [2017], lv denied 29 NY3d 1124 [2017]). Any claims related to matters outside of the record on appeal, such as what counsel advised defendant regarding moving to withdraw his plea, are more properly addressed in a CPL article 440 motion (see People v Pringle, 155 AD3d 1085, 1086 [2017]; People v Chaires, 150 AD3d at 1327-1328).
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: While defendant filed a notice of intent to proffer psychiatric testimony, he ultimately pleaded guilty after indicating during the plea allocation that he understood that he was waiving all defenses and that he had discussed the plea terms with defense counsel. Were we to address this claim, we would find that "County Court advised him during the plea allocution that he would be waiving, among other rights, his right to present defenses, which he indicated he understood, and he acknowledged that he was pleading guilty because he was, in fact, guilty, thereby establishing the knowing, voluntary and intelligent nature of his plea" (People v Dubois, 150 AD3d 1562, 1563 [2017]; see People v Haffiz, 19 NY3d 883, 884 [2012]).