People v Howe (2018 NY Slip Op 05631)





People v Howe


2018 NY Slip Op 05631


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
SHANE HOWE, Appellant.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Michelle E. Stone, Vestal, for appellant.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Supreme Court (Campbell, J.), rendered November 5, 2015 in Cortland County, convicting defendant upon his plea of guilty of the crime of unlawful imprisonment in the second degree.
In satisfaction of various charges, defendant pleaded guilty to unlawful imprisonment in the second degree in exchange for the People's promise to recommend a conditional discharge but with no sentencing commitment by Supreme Court. Defendant moved to withdraw his plea on the grounds that he is innocent and that the plea was not knowingly and intelligently entered as he was not aware of the consequences thereof. Supreme Court denied the motion and sentenced defendant to three years of probation. Defendant appeals.
Defendant's challenges to the factual sufficiency of the plea and the requirement that he admit that the [*2]children were present during the charged incident are unpreserved as those grounds were not advanced as a basis for his motion to withdraw (see People v Delarosa, 104 AD3d 956, 956 [2013], lv denied 21 NY3d 1003 [2013]; People v Escalante, 16 AD3d 984, 984-985 [2005], lvs denied 5 NY3d 788, 793 [2005]). Further, we are unpersuaded by defendant's contention that the narrow exception to the preservation requirement applies (see People v Lopez, 71 NY2d 662, 666 [1988]). Were we to consider the issue, we would find that defendant's plea was voluntary. The record reflects that defendant acknowledged that he was freely and voluntarily entering the guilty plea after discussing the matter with counsel. Although, initially, defendant was reluctant to admit that he restrained the victim, after a brief recess in order for defendant to speak with counsel, defendant, in response to Supreme Court's inquiries, affirmatively acknowledged that, in an attempt to take a cell phone from the victim, he intentionally and substantially interfered with her liberty to move. Although the court questioned defendant about the presence of the children during the incident, such information was irrelevant to the crime to which he pleaded guilty and, therefore, it did not impact the voluntariness of the plea.
Next, defendant contends that counsel provided ineffective assistance in various respects. To the extent that defendant asserts that counsel failed to advise him or object to the additional allocution requirements in connection with the endangering the welfare of a child charge, as noted earlier, this had no bearing on the crime for which defendant pleaded guilty. Defendant's other allegations cannot be fully determined without considering information that is outside the record, so those arguments are more properly raised in a motion under CPL article 440. Given our review of the record, the advantageous plea agreement negotiated by counsel and defendant's acknowledgement during the plea allocution that he had sufficient time to discuss the matter with counsel and was satisfied with the services provided, we find that the record fails to support defendant's claim that he was deprived of meaningful representation (see People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 933, 930 [2015]; People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014]; People v Bean, 102 AD3d 1062, 1063 [2013]).
Finally, we have reviewed defendant's contention that the sentence of three years of probation was harsh and excessive and find it to be without merit.
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.