People v Aldous (2018 NY Slip Op 07371)





People v Aldous


2018 NY Slip Op 07371


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

109202

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ASTEN ALDOUS, Appellant.

Calendar Date: September 6, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
P. David Soares, District Attorney, Albany (Noel Mendez of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered September 5, 2014, convicting defendant upon his plea of guilty of the crimes of rape in the second degree and criminal possession of a weapon in the third degree.
Defendant agreed to waive indictment and be prosecuted pursuant to a superior court information charging him with rape in the second degree and criminal possession of a weapon in the third degree in exchange for a prison term of seven years plus 10 years of postrelease supervision on the rape charge and 2&frac13; to 7 years on the weapon charge — said sentences to run consecutively. The underlying charges stemmed from an incident that occurred in May 2014 when defendant, then 23 years old, engaged in sexual intercourse with the 13-year-old victim; defendant's then girlfriend summoned the police and, during defendant's ensuing arrest, he was found to be in possession of a knife. Pursuant to the agreement, which required defendant to waive his right to appeal, defendant pleaded guilty to the charged crimes, and County Court thereafter imposed the agreed-upon sentences. Defendant now appeals.
We affirm. Contrary to defendant's assertion, County Court explained that the waiver of appeal was separate and distinct from the trial-related rights that defendant was forfeiting, and defendant, in turn, indicated that he understood and agreed to such waiver. Additionally, following a discussion with counsel, defendant executed a written waiver in open court and again confirmed his understanding of the document, as well as his agreement to be bound by its terms. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Rogers, 162 AD3d 1410, 1410 [2018]; People v Tucker, 161 AD3d 1481, 1482 [2018], lv denied 31 NY3d 1153 [2018]; People v Royal, 161 AD3d 1217, 1218 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]).
Although defendant further contends that his plea was involuntary, his argument on this point is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Gomez, 162 AD3d 1311, 1311-1312 [2018]; People v White, 157 AD3d 1128, 1129 [*2][2018], lv denied 31 NY3d 1018 [2018]; People v McKnight, 144 AD3d 1334, 1335 [2016], lv denied 28 NY3d 1148 [2017]). Additionally, defendant did not make any statements during the course of his allocution that negated an element of the charged crimes or otherwise called into question the voluntariness of his plea; hence, the narrow exception to the preservation requirement is inapplicable (see People v Lamb, 162 AD3d 1395, 1396 [2018]; People v Gray, 162 AD3d 1248, 1248 [2018]). To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim is similarly unpreserved for our review (see People v Gause, 159 AD3d 1277, 1278 [2018]; People v Pringle, 155 AD3d 1085, 1085-1086 [2017]). Further, the majority of defendant's arguments as to the voluntariness of his plea and his related ineffective assistance of counsel claim — namely, that counsel provided inadequate advice regarding potential defenses, related erroneous information regarding defendant's sentencing exposure, pressured defendant to accept the plea and ignored defendant's wishes to proceed to a grand jury and contest the charges — are based upon matters outside of the record and, as such, are more properly the subject of a CPL article 440 motion (see People v Williams, 163 AD3d 1172, 1173 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]; People v Cantey, 161 AD3d 1449, 1450-1451 [2018], lvs denied 32 NY3d 935, 940 [2018]; People v Muller, 159 AD3d 1232, 1233 [2018]). Finally, in light of the valid appeal waiver, defendant's challenge to the severity of his agreed-upon sentence is precluded (see People v Royal, 161 AD3d at 1218; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.